**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

JAMES ANTHONY BENVENUTI,

        Plaintiff,

v.                                                                                      No. 2:15-CV-00891-CG

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

        Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court upon Plaintiff James Anthony Benvenuti's *Motion to Reverse and Remand for a Rehearing with Supporting Memorandum* (the "Motion"), (Doc. 16), filed June 6, 2016; Defendant's *Brief in Response to Plaintiff's Motion to Reverse and Remand the Agency's Administrative Decision* (the "Response"), (Doc. 20), filed September 6, 2016; and Plaintiff's *Reply in Support of Motion to Reverse or Remand Administrative Agency Decision* (the "Reply"), (Doc. 22), filed September 20, 2016.

On July 30, 2011, Mr. Benvenuti filed an application for disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 416(i) and 423. (Administrative Record "AR" 134-142). Mr. Benvenuti alleged disability commencing on July 7, 2006. (AR 130). His claim for benefits was initially denied (AR 69-72), and again upon reconsideration. (AR 76-78). A request for a hearing was filed on November 5, 2012, (AR 79-80), and a hearing was held on April 1, 2014 before Administrative Law Judge ("ALJ") Frederick E. Upshall Jr. (AR 30-57). Mr. Benvenuti and Pamela A. Bowman, an impartial vocational expert, testified at the hearing. (*Id.*). Mr. Benvenuti was

represented by Catalina Marie Cordoba Laaroussi, a non-attorney representative. (AR 73). ALJ Upshall issued an unfavorable decision on June 30, 2014, finding that Mr. Benvenuti was not disabled under the Social Security Act from July 7, 2006 through the date of the decision. (AR 23). Through new counsel, Michael Armstrong, Mr. Benvenuti filed an application for review by the Appeals Council on July 21, 2014, (AR 13), which was summarily denied, (AR 1-4), making the decision of ALJ Upshall the final decision of the Commissioner of the Social Security Administration (the "Commissioner") for purposes of this appeal.

Mr. Benvenuti argues that the ALJ committed reversible, legal error by failing to: (1) apply the correct legal standards at step two; (2) address evidence demonstrating that Mr. Benvenuti's physical and mental impairments are severe; and (3) develop the administrative record. (Doc. 16 at 2).

The Court has reviewed the Motion, the Response, the Reply, and relevant law. Additionally, the Court has meticulously reviewed and considered the entire administrative record. Because the ALJ did not evaluate the entire medical record before making his severity finding at step two, the Court finds that the Motion should be **GRANTED** and that this case be **REMANDED** to the Commissioner for further proceedings.

### I.     Standard of Review

The standard of review in a Social Security appeal is whether the Commissioner's final decision is supported by substantial evidence and whether the correct legal standards were applied. *Maes v. Astrue*, 522 F.3d 1093, 1096 (10th Cir. 2008) (citing *Hamilton v. Sec'y of Health & Human Servs.*, 961 F.2d 1495, 1497-98

(10th Cir. 1992)). If substantial evidence supports the ALJ's findings and the correct legal standards were applied, the Commissioner's decision stands and the plaintiff is not entitled to relief.  *Langley v. Barnhart*, 373 F.3d 1116, 1118 (10th Cir. 2004); *Hamlin v. Barnhart*, 365 F.3d 1208, 1214 (10th Cir. 2004); *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003). A court should meticulously review the entire record but should neither re-weigh the evidence nor substitute its judgment for that of the Commissioner. *Langley*, 373 F.3d at 1118; *Hamlin*, 365 F.3d at 1214. A court's review is limited to the Commissioner's final decision, 42 U.S.C. § 405(g), which generally is the ALJ's decision, not the Appeals Council's denial of review. 20 C.F.R. § 404.981; *O'Dell v. Shalala*, 44 F.3d 855, 858 (10th Cir. 1994).

"Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Langley*, 373 F.3d at 1118; *Hamlin*, 365 F.3d at 1214; *Doyal*, 331 F.3d at 760. An ALJ's decision "is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it." *Langley*, 373 F.3d at 1118; *Hamlin*, 365 F.3d at 1214. While a court may not re-weigh the evidence or try the issues *de novo*, its examination of the record as a whole must include "anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Grogan v. Barnhart*, 399 F.3d 1257, 1262 (10th Cir. 2005). "The possibility of drawing two inconsistent conclusions from the evidence does not prevent [the ALJ]'s findings from being supported by substantial evidence." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (citing *Zoltanski v. F.A.A.*, 372 F.3d 1195, 1200 (10th Cir. 2004)).

## II.     Applicable Law and Sequential Evaluation Process

For purposes of DIB, a person establishes a disability when he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A), 42 U.S.C. § 1382c(a)(3)(A); 20 C.F.R. § 416.905(a). In light of this definition for disability, a five-step sequential evaluation process has been established for evaluating a disability claim. 20 C.F.R. §§ 404.1520, 416.920; *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987).

At the first four steps of the SEP, the claimant has the burden to show that: (1) he is not engaged in "substantial gainful activity"; (2) he has a "severe medically determinable . . . impairment . . . or a combination of impairments" that has lasted or is expected to last for at least one year; and (3) his impairment(s) either meet or equal one of the "Listings"[1] of presumptively disabling impairments; or (4) he is unable to perform his "past relevant work." 20 C.F.R. §§ 404.1520(a)(4)(i–iv), 416.920(a)(4)(i–iv); *Grogan*, 399 F.3d at 1261. If the ALJ determines the claimant cannot engage in past relevant work, he will proceed to step five of the evaluation process. At step five the burden of proof shifts to the Commissioner to show the claimant is able to perform other work in the national economy, considering his RFC, age, education, and work experience. *Grogan*, 399 F.3d at 1257.

## III.    Background

In July 2011, Mr. Benvenuti applied for DIB alleging impairments including a back injury, emotional stress, depression, memory loss, diabetes, forgetfulness, knee joint

---

[1] 20 C.F.R. pt. 404, subpt. P, app. 1.

pain, difficulty concentrating, hip joint pain, and varicose veins. (AR 163). At step one, the ALJ determined that Mr. Benvenuti had not engaged in substantial gainful activity since his alleged disability onset date, July 7, 2006, through his date last insured, September 30, 2010. (AR 20). At step two, the ALJ concluded that Mr. Benvenuti had the medically determinable impairment of diabetes mellitus. (*Id.*). However, the ALJ determined that Mr. Benvenuti did not have a severe impairment or combination of impairments pursuant to 20 C.F.R. § 404.1521; therefore, the ALJ did not continue his analysis beyond step two. (*Id.*).

## IV.  Analysis

Mr. Benvenuti argues that the ALJ committed reversible, legal error by failing to: (1) apply the correct legal standards at step two; (2) address evidence demonstrating that Mr. Benvenuti's physical and mental impairments are severe; and (3) develop the administrative record. (Doc. 16 at 2). The Commissioner responds that the ALJ reasonably found that "the record was devoid of any objective medical evidence [Mr. Benvenuti] had any physical or mental impairments that significantly limited his ability to do basic work." (Doc. 20 at 1).

### A.  *De Minimus Standard at Step Two*

At the second step of the evaluation process, the ALJ must determine whether medical evidence shows an impairment or combination of impairments that is so severe that the claimant is unable to engage in any substantial gainful activity. Social Security Regulation ("SSR") 85-28, 1985 WL 56856 *3 (Jan. 1, 1985). A finding of "not severe" is made when the medical evidence "establishes only a slight abnormality . . . which would have not more than a minimal effect on an individual's ability to work." *Id.* The showing at step two is characterized as "de minmis;" however, the mere presence of a condition

is not sufficient to meet the step two standard. *Williamson v. Barnhart*, 350 F.3d 1097, 1100 (10th Cir. 2003) (citing *Hinkle v. Apfel*, 132 F.3d 1349, 1352 (10th Cir. 1997)); *see Bowen v. Yuckert*, 482 U.S. 137, 153 (1987) (step two designed to identify "at an early stage" claimants with such slight impairments that they would be unlikely to be found disabled even if age, education, and experience were considered).

At step two, the ALJ considers the "effect" of the impairment in determining whether a severe impairment exists. 20 C.F.R. § 416.920(a). Determining whether an impairment is severe requires a "careful evaluation of the medical findings which describe the impairment[s] and an informed judgment about [their] limiting effects on the individual's physical and mental ability[ies] to perform basic work activities." SSR 85-28, 1985 WL 56856 *4.

### B. The ALJ's Analysis at Step Two

Mr. Benvenuti argues that the ALJ's findings are contrary to the weight of the evidence. (Doc. 16 at 12). Specifically, Mr. Benvenuti contends that the ALJ failed "to make a finding 'closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings.'" (Doc. 16 at 16 (quoting *Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir. 1995))).

The Commissioner responds that the ALJ reasonably found that "the record was devoid of any objective medical evidence [Mr. Benvenuti] had any physical or mental impairments that significantly limited his ability to do basic work." (Doc. 20 at 1). The Commissioner states that the ALJ correctly determined whether Mr. Benvenuti was limited in performing basic work activities by his impairments and then determining whether the impairments were severe. (Doc. 22 at 6). Further, the Commissioner

argues that the medical evidence did not establish "medically determinable conditions" prior to his date last insured. (Doc. 22 at 7).

### 1. The ALJ's Findings at Step Two

The ALJ states that he considered all symptoms and the extent to which those symptoms "can reasonably be accepted as consistent with the objective medical evidence and other evidence, based on the requirements of 20 CFR [§] 404.1529 and SSRs 96-7p and 96-7p." (AR 21). The ALJ contends that although Mr. Benvenuti alleges several impairments, the ALJ found that the record did not contain "significant evidence of a medically determinable impairment or significant treatment" for these impairments. (AR 22). The ALJ suggests that Mr. Benvenuti "exaggerated his symptoms and limitations" and found Mr. Benvenuti to not be "entirely credible" because the ALJ states that there is no medical evidence to support Mr. Benvenuti's claims. (AR 22). Based on the lack of evidence, the ALJ determined that Mr. Benvenuti did not have a severe impairment or combination of impairments.

### 2. Mr. Benvenuti's Medical Records

Mr. Benvenuti provided the ALJ with medical records from 2006 through 2014. (See AR 231-593). Included in those records is a Consultative Examination ("CE") performed by John R. Vigil, MD, CME. (AR 530-534; 537-538). Dr. Vigil reviewed Mr. Benvenuti's medical records and performed an examination on December 6, 2013. (AR 530). Dr. Vigil assessed Mr. Benvenuti with several impairments, including: (1) generalized pain, probably fibromyalgia; (2) depression/anxiety; (3) post-traumatic stress disorder; (4) Menier's disease; (5) obesity; (6) chronic fatigue; and (7) diabetes, type II. (AR 534). Dr. Vigil noted several physical limitations, finding that Mr. Benvenuti could stand for 15 minutes at a time; sit for 30 minutes; work for 2 hours per day;

occasionally lift 10 pounds, frequently lift 5 pounds; occasionally needs to elevate his legs during the workday; and occasionally bend and stoop. (AR 537).

      Dr. Vigil also assessed that Mr. Benvenuti had several psychiatric limitations, noting that he is moderately impaired in his ability to understand, remember, and carry out very short and simple and detailed instructions and his ability to interact appropriately with the general public. Additionally, Dr. Vigil found Mr. Benvenuti to be markedly impaired in his ability to (1) maintain attention and concentration; (2) work with others; (3) accept supervision; and (4) get along with coworkers. (AR 537-538). In conclusion, Dr. Vigil stated that Mr. Benvenuti "has severe physical and psychological impairments making him unable to engage in anything more than sedentary work." (AR 534).

      In making his disability determination, the ALJ did not discuss Dr. Vigil's findings in his opinion. However, a step two determination requires "a careful evaluation of the medical findings which describe the impairment[ ] and an informed judgment about its [ ] limiting effects on the individual's physical and mental ability[ ] to perform basic work activities." Social Security Ruling ("SSR") 85-28, 1985 WL 56856, at 84. Without any discussion, this Court is unable to determine if the ALJ completed the appropriate analysis at step two. Furthermore, "[i]t is improper for the ALJ to pick and choose among medical reports, using portions of evidence favorable to his position while ignoring other evidence." *Hardman v. Barnhart*, 362 F.3d 676, 680 (10th Cir. 2004). Therefore, the ALJ's failure to evaluate the full record is reversible error.

### *3. Conclusion*

For the reasons discussed above, the Court concludes that the ALJ did not evaluate the medical findings before making a severity finding at step two. On remand, the ALJ should properly evaluate the medical findings on Mr. Benvenuti's impairments.

The Court does not decide any other issue raised by Mr. Benvenuti, as it is mooted by the proceedings conducted or the disposition reached on remand.

**IT IS THEREFORE ORDERED** Plaintiff James Anthony Benvenuti's *Motion to Reverse and Remand for a Rehearing with Supporting Memorandum*, (Doc. 16), be **GRANTED** and that this case be **REMANDED** to the Commissioner for further proceedings.

_____
THE HONORABLE CARMEN E. GARZA
UNITED STATES MAGISTRATE JUDGE