consultative examination and opinion regarding Mr. Benvenuti's limitations were decided three years after the disability period. (Doc. 27 at 5).

As the Court explained in its Order, at step two the ALJ must determine whether there is medical evidence in the record that shows an impairment or combination of impairments that is so severe, a claimant is unable to engage in substantial gainful activity. Social Security Regulation ("SSR") 85-28, 1985 WL 56856 *3 (Jan. 1, 1985). In finding that Mr. Benvenuti did not have a severe impairment, the ALJ did not discuss Dr. Vigil's opinion. Dr. Vigil both examined Mr. Benvenuti and looked at his medical record, which included records from the alleged period of disability. Failing to evaluate the medical evidence at step two was error. The Commissioner has not explained why she was substantially justified in defending this error.

In his Motion, Mr. Benvenuti argued that the ALJ did not assess the severity of his impairments in accordance with SSR 85-28, which requires the ALJ to "determine whether medical evidence establishes" a severe impairment. SSR 85-28, at *3. In making the determination at step two, Mr. Benvenuti maintained in his Motion that the ALJ did not discuss the SSR 85-28 factors and described Dr. Vigil's opinion. (*See* Doc. 16). Therefore, the Commissioner had an opportunity to address the argument that the ALJ did not properly consider the evidence at step two and the Court remanded the case based on this evidence.

The Commissioner tries to justify the ALJ's failure to review Dr. Vigil's opinion by stating that it had no relevance to the case. However, the Court does not accept this reasoning, as the Commissioner's *post hoc* arguments cannot supplement the ALJ's decision. *Robinson v. Barnhart*, 366 F.3d 1078, 1084 (10th Cir. 2004).