## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

JAMES ANTHONY BENVENUTI,

        Plaintiff,

v.                                              No. 2:15-CV-00891-CG

NANCY A. BERRYHILL,
Acting Commissioner of the
Social Security Administration,

        Defendant.

## <u>MEMORANDUM OPINION AND ORDER</u>

**THIS MATTER** is before the Court upon Plaintiff James Anthony Benvenuti's *Motion for Attorney Fees and Costs Pursuant to the Equal Access to Justice Act* (the "Motion"), (Doc. 26), filed January 23, 2017; Defendant Commissioner Nancy A. Berryhill's *Defendant's Response in Objection to Plaintiff's Motion and Memorandum Brief for Attorney Fees Pursuant to the Equal Access to Justice Act* (the "Response"), (Doc. 27), filed January 31, 2017; and Plaintiff's *Reply in Support of Motion for Attorney Fees and Costs Pursuant to the Equal Access to Justice Act* (the "Reply"), (Doc. 28), filed February 17, 2017. Having reviewed the Motion, the Response, the Reply, and relevant law, the Court finds that Plaintiff's Motion should be **GRANTED**.

### I.    Background

On July 30, 2011, Mr. Benvenuti filed an application for disability benefits with the Social Security Administration, alleging disability commencing on July 7, 2006. (Administrative Record ("AR") 130, 134-142). His claim for benefits was initially denied and again upon reconsideration. (AR 69-72, 76-78). A request for a hearing was filed,

and a hearing was held on April 1, 2014 before an Administrative Law Judge ("ALJ"), who issued an unfavorable decision. (AR 30-57, 79-80). Mr. Benvenuti then filed an application for review by the Appeals Council, which was summarily denied. (AR 1-4, 13).

Thereafter, Mr. Benvenuti appealed to this Court, arguing that the ALJ committed reversible, legal error by failing to: (1) apply the correct legal standards at step two; (2) address evidence demonstrating that Mr. Benvenuti's physical and mental impairments are severe; and (3) develop the administrative record. (Doc. 16 at 2). Because the ALJ did not evaluate the entire medical record before making findings at step two, the Court remanded the case to the Commissioner of the Social Security Administration (the "Commissioner") for further proceedings in its *Memorandum Opinion and Order* (the "Order"). (Doc. 24).

Mr. Benvenuti now moves this Court for attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d) ("EAJA"). (Doc. 26). He argues that an award of fees is appropriate because he is the prevailing party, his net worth is less than $2,000,000, and the Commissioner's position in defending the action was not substantially justified. (Doc. 26 at 1).

The Commissioner responds that Mr. Benvenuti's request for fees under EAJA should be denied based on the special circumstances that the Court's remand was on an issue that was not argued or briefed by Plaintiff and therefore not defended by the Commissioner. (Doc. 27 at 1). Further, the Commissioner argues that the Commissioner's position in this case was substantially justified. (Doc. 27 at 1).

II.    **Analysis**

A. _Standard of Review_

Pursuant to EAJA, a court is required to award attorney's fees if: "(1) plaintiff is a 'prevailing party'; (2) the position of the United States was not 'substantially justified'; and (3) there are no special circumstances that make an award of fees unjust." _Hackett v. Barnhart_, 475 F.3d 1166, 1172 (10th Cir. 2007) (citing 28 U.S.C. § 2412(d)(1)(A)). Here, the Commissioner disputes whether her position was substantially justified and argues that there are special circumstances.

"The test for substantial justification in this circuit is one of reasonableness in law and fact." _Hackett_, 475 F.3d at 1172 (citing _Gilbert v. Shalala_, 45 F.3d 1391, 1394 (10th Cir. 1995)). In order to be substantially justified, the government's position must be "justified in substance or in the main-that is, justified to a degree that could satisfy a reasonable person." _Hadden v. Bowen_, 851 F.2d 1266, 1267 (10th Cir. 1988) (citing _Pierce v. Underwood_, 487 U.S. 552, 565 (1988)). "The term position includes the government's position both in the underlying agency action and during any subsequent litigation." _Hadden_, 851 F.2d at 1267 (internal citations omitted).

"When an area of law is 'unclear or in flux, it is more likely that the government's position will be substantially justified.'" _Cherry v. Barnhart_, No. 04-5059, 125 Fed. Appx. 913, 916 (10th Cir. Jan. 24, 2005) (unpublished) (citing _Martinez v. Sec'y of Health and Hum. Servs._, 815 F.2d 1381, 1382 (10th Cir. 1987)). Indeed, "the government's position can be justified even though it is not correct." _Hackett_, 475 F.3d at 1172 (citing _Pierce_, 487 U.S. at 566 n.2). "The government bears the burden of showing that its position was substantially justified." _Gilbert_, 45 F.3d at 1394 (internal citations omitted).

An EAJA award may also be denied or reduced if "special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). Neither "special circumstances" nor "unjust" are defined by the statute. However, the Eighth Circuit notes that "equitable considerations should inform a court's decision in this area." *Walker v. Berryhill*, No. CIV-15-1353-R, 2017 WL 782921, at *1 (W.D. Okla. Feb. 28, 2017) (unpublished) (citing *United States Dept. of Labor v. Rapid Robert's Inc.*, 130 F.3d 345, 347 (8th Cir. 1997)). Additionally, the Second Circuit has found that awards should be reduced based on a plaintiff's reduced contribution in the ultimate decision. *Id.* (citing *Firstland Int'l, Inc. v. INS*, No. 06-1704-ag, 264 Fed. Appx. 22, 25 (2d. Cir. Jan. 25, 2008) (unpublished) ("Plaintiffs' only contribution to their ultimate victory in the underlying case was the supplemental brief they submitted at this Court's request. We conclude that an award of fees for any amount greater than the cost of preparing that supplemental brief would be unjust.")).

The Court will first address the Commissioner's argument that because the Court remanded the case on an argument the Commissioner did not respond to, there are special circumstances that would make an award of EAJA fees unjust. Then, the Court will address whether the Commissioner was substantially justified.

## B. *The are no Special Circumstances in this Case*

First, the Court will address whether EAJA fees should be denied because the Commissioner did not argue the ultimate issue for which the case was remanded. In this case, the Court remanded the ALJ's decision because the ALJ failed to consider the entire medical record when making his step two determination. (Doc. 24 at 2). The Court determined that the ALJ failed to discuss a consultative examination conducted

4

by John R. Vigil, M.D., CME. (Doc. 24 at 7-8). Because the ALJ failed to perform "a careful evaluation of the medical findings," the Court was unable to determine whether the ALJ completed the required analysis at step two. (Doc. 24 at 8).

The Commissioner argues that there are special circumstances that would make an award of fees unjust in this case. (Doc. 27 at 1). Specifically, the Commissioner maintains that the Court remanded the case on an issue that was not argued by the parties, and therefore, an award of fees would be improper. (Doc. 27 at 2) (citing *Contreras v. Barnhart*, No. 03-50139, 79 Fed. Appx. 708, 709 (5th Cir. Nov. 5, 2003) (unpublished); *United States v. 27.09 Acres of Land, More or Less, Situated in Town of Harrison & Town of N. Castle*, 43 F.3d 769, 773-74 (2d Cir. 1994)). The Commissioner argues that Mr. Benvenuti should be denied attorney's fees because he did not argue that the case should be remanded based on Dr. Vigil's opinion.

In his brief, Mr. Benvenuti argued that the ALJ did not base findings at step two on the medical evidence. (Doc. 16 at 2). Specifically, Mr. Benvenuti noted the medical evidence in the record that showed he suffered from Meniere's disease, a back injury, depression, knee pain, diabetes, and obesity. (Doc. 16 at 9). In its Opinion, the Court agreed with Mr. Benvenuti that the ALJ did not address the medical evidence in making his step two analysis. The Court more specifically however, found that the ALJ did not analyze Dr. Vigil's opinion, which the Court found was error.

Mr. Benvenuti's brief generally described the ALJ's failure to analyze the medical evidence at step two; whereas the Court was more specific. However, the Court agreed with Mr. Benvenuti's argument that the ALJ did not analyze the medical evidence in the record. "Simply put, and as [Mr. Benvenuti] has argued, there was a discrepancy

between" the ALJ's finding and the medical evidence in the record, "meaning the ALJ"s finding[s] were not supported by substantial evidence." *Walker v. Berryhill*, No. CIV-15-1353-R, 2017 WL 782921, at *2 (W.D. Okla. Feb. 28, 2017) (unpublished) (finding no special circumstances where the Plaintiff argued the VE listed jobs that required frequent reaching when Plaintiff could only perform occasionally and the Magistrate Judge remanded because the ALJ presented a hypothetical to the VE that included a limitation to lifting rather than reaching).

Therefore, this is not a case, as the Commissioner argues, where Mr. Benvenuti "did not brief the issues that served as the basis for the remand and the attorney's efforts did nothing more than to keep [Mr. Benvenuti's] case alive." *Contreras*, 79 Fed. Appx. at 709. The Court cannot say that the attorney made "efforts that achieved no appreciable advantage" nor that the attorney "made no contribution." *Id.* (quoting *27.09 Acres*, 43 F.3d at 773). Thus, special circumstances do not exist that would make an award of fees unjust.

### C.  *The Commissioner's Position was not Substantially Justified*

The second issue here is whether the Commissioner has met her burden to show that she was substantially justified in failing to discuss medical evidence at step two. *Hartter v. Apfel*, No. 99-3095, 202 F.3d 282, *2 (10th Cir. Jan. 11, 2000) (unpublished). This Court finds that the Commissioner has not.

The Commissioner argues she did not take a position on the issue of Dr. Vigil's opinion in the brief as it was not argued by Mr. Benvenuti. (Doc. 27 at 5). Further, the Commissioner contends that her position was substantially justified because Dr. Vigil's

consultative examination and opinion regarding Mr. Benvenuti's limitations were decided three years after the disability period. (Doc. 27 at 5).

As the Court explained in its Order, at step two the ALJ must determine whether there is medical evidence in the record that shows an impairment or combination of impairments that is so severe, a claimant is unable to engage in substantial gainful activity. Social Security Regulation ("SSR") 85-28, 1985 WL 56856 *3 (Jan. 1, 1985). In finding that Mr. Benvenuti did not have a severe impairment, the ALJ did not discuss Dr. Vigil's opinion. Dr. Vigil both examined Mr. Benvenuti and looked at his medical record, which included records from the alleged period of disability. Failing to evaluate the medical evidence at step two was error. The Commissioner has not explained why she was substantially justified in defending this error.

In his Motion, Mr. Benvenuti argued that the ALJ did not assess the severity of his impairments in accordance with SSR 85-28, which requires the ALJ to "determine whether medical evidence establishes" a severe impairment. SSR 85-28, at *3. In making the determination at step two, Mr. Benvenuti maintained in his Motion that the ALJ did not discuss the SSR 85-28 factors and described Dr. Vigil's opinion. (*See* Doc. 16). Therefore, the Commissioner had an opportunity to address the argument that the ALJ did not properly consider the evidence at step two and the Court remanded the case based on this evidence.

The Commissioner tries to justify the ALJ's failure to review Dr. Vigil's opinion by stating that it had no relevance to the case. However, the Court does not accept this reasoning, as the Commissioner's *post hoc* arguments cannot supplement the ALJ's decision. *Robinson v. Barnhart*, 366 F.3d 1078, 1084 (10th Cir. 2004).

7

### III.      Conclusion

For the reasons discussed above, the Court concludes that the Commissioner was not substantially justified in her position in the underlying agency action and the subsequent litigation and there are no special circumstances involved in this case. Accordingly, Mr. Benvenuti is entitled to an award of attorney's fees under EAJA.

**IT IS THEREFORE ORDERED** that Mr. Benvenuti's *Motion for Attorney Fees and Costs Pursuant to the Equal Access to Justice Act*, (Doc. 26), be **GRANTED** and that attorney fees be, and hereby are, awarded under the Equal Access to Justice Act, 28 U.S.C. § 2412(d), payable to Plaintiff in the amount of $5,941.80 in fees and $400.00 in costs. *See Astrue v. Ratliff*, 560 U.S. 586 (2010) (EAJA fees are paid to the plaintiff, not the plaintiff's attorney).

**IT IS FURTHER ORDERED THAT**, if Plaintiff's counsel receives attorney fees under both EAJA and 42 U.S.C. § 406(b) of the Social Security Act, Plaintiff's counsel shall refund the smaller award to Plaintiff pursuant to *Weakley v. Bowen*, 803 F.2d 575, 580 (10th Cir. 1986).

_____
THE HONORABLE CARMEN E. GARZA
UNITED STATES MAGISTRATE JUDGE