# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

JAMES ANTHONY BENVENUTI,

        Plaintiff,

v.                                                                       CIV No. 15-891 CG

NANCY A. BERRYHILL, Deputy
Commissioner for Operations,
Social Security Administration,

        Defendant.

## ORDER GRANTING APPLICATION FOR ATTORNEY FEES

**THIS MATTER** comes before the Court on Plaintiff's *Motion for Order Authorizing Attorney Fees Pursuant to 42 U.S.C. § 406(b) and Supporting Memorandum* (the "Motion"), (Doc. 32), filed July 10, 2018, and *Defendant's Response to Plaintiff's Motion for Attorney Fees Under 42 U.S.C. § 406(b)* (the "Response"), (Doc. 33), filed July 17, 2018. Plaintiff's attorney, Michael Armstrong ("Plaintiff's Counsel"), moves the Court for an order authorizing attorney fees in the amount of $22,102.75 for legal services rendered before this Court. (Doc. 32 at 1). Defendant sets out the relevant legal standards the Court should use in deciding Plaintiff's Motion, but declines to take a position with regard to the reasonableness of the requested award. (Doc. 33 at 1). Having reviewed the parties' filings, the relevant law, and otherwise being fully advised in the premises, the Court finds that Plaintiff's motion is well-taken and that it shall be **GRANTED**.

**I.    Procedural Background**

Plaintiff instituted an action in this Court on October 6, 2015, seeking judicial review of Defendant's denial of his application for Social Security disability benefits.

(Doc. 1). On October 24, 2016, this Court granted Plaintiff's request for relief, and remanded the case to the Commissioner for further proceedings. (Doc. 24). Plaintiff subsequently filed a motion seeking attorney fees in the amount of $5,941.80 pursuant to the Equal Access to Justice Act ("EAJA"). (Doc. 26). That motion was granted on March 27, 2017. (Doc. 31).

Upon remand, Defendant determined Plaintiff to be disabled, entered a fully favorable decision, and awarded Plaintiff past-due benefits in the amount of $112,411.00. (Doc. 32, Exhibits A and B). Defendant advised Plaintiff's Counsel on June 10, 2018, and that $28,102.75 should have been withheld pending an award of attorney fees pursuant to 42 U.S.C. § 406(B). *Id.*, Ex. B at 1. Defendant stated that it usually withholds 25 percent of past due benefits for a potential award of attorney fees pursuant to 42 U.S.C. § 406(b), but in this case, due to a processing error, Defendant only withheld $6,000.00 for possible attorney fees. *Id.* Because there was a "failure to withhold", the Court must first award 406(b) fees before Defendant can initiate overpayment recovery procedures from Plaintiff. (Doc. 32 at 2) (citing Social Security Administration's Program Operations Manual System, POMS GN 03920.055). Therefore, Plaintiff's Counsel requests that the Court authorize the $22,102.75 as attorney fees for legal services provided.[1] Plaintiff's Counsel also asserts that contemporaneously with the release of those funds, Plaintiff will be refunded the EAJA fees previously awarded by this Court in the amount of $5,941.80.

---

[1] Plaintiff explains that this amount is equal to $28,102.75 (25 percent of the past due benefits) minus $6,000 that the Administrative Law Judge authorized to be paid for work performed by counsel before the Administration.

2

## II. Analysis

When a court renders a judgment favorable to a social security claimant who was represented before the court by an attorney, the court may allow "a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled." 42 U.S.C. § 406(b)(1)(A). Unlike EAJA fees, which are paid in addition to past-due benefits, § 406(b) fees are paid out of the past-due benefits. *Wrenn ex rel. Wrenn v. Astrue*, 525 F.3d 931, 933–34 (10th Cir. 2008). If fees are awarded under both the EAJA and § 406(b), the attorney must refund the lesser award to the claimant. *Id.* at 934. The court may award fees under § 406(b) when "the court remands a . . . case for further proceedings and the Commissioner ultimately determines that the claimant is entitled to an award of past-due benefits." *McGraw v. Barnhart,* 450 F.3d 493, 495–96 (10th Cir. 2006).

Although § 406(b) does not prohibit contingency fee agreements, it renders them unenforceable to the extent that they provide for fees exceeding 25 percentof the past-due benefits. *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). Section 406(b) also requires the court to act as "an independent check" to ensure that fees are reasonable even if they are less than 25 percent of past-due benefits, because there is no presumption that 25 percent is reasonable. *Id.* at 807 n.17. Counsel has the burden of demonstrating the reasonableness of the fees. *Id.* at 807.

The reasonableness determination is "based on the character of the representation and the results the representative achieved." *Id.* at 808. Factors relevant to the reasonableness of the fee request include: (i) whether the attorney's representation was substandard; (ii) whether the attorney was responsible for any delay

3

in the resolution of the case; and (iii) whether the contingency fee is disproportionately large in comparison to the amount of time spent on the case. *Id.* A court may require the claimant's attorney to submit a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing rate for non-contingency fees cases. *Id.* The statute does not specify a deadline for requesting fees. *See* 42 U.S.C. § 406(b). The Tenth Circuit, however, has held that a request "should be filed within a reasonable time of the Commissioner's decision awarding benefits." *McGraw,* 450 F.3d at 505.

In this case, the Court finds that Plaintiff's Counsel representation of Plaintiff was more than adequate. Counsel obtained a fully favorable decision for Plaintiff, and did not delay the proceedings before this Court in any way. The instant motion was filed within two months of Plaintiff receiving notice that he was entitled to past-due benefits, which the Court finds to be reasonable. In addition, the requested fee for services performed in connection with this case is approximately 19.7 percent of the total past-due benefits awarded to Plaintiff, which is less than the 25-percent cap imposed by § 406(b).

Moreover, the requested fee is not disproportionately large in comparison to the amount of time spent on the case, given Plaintiff's Counsel's experience working on Social Security cases. (Doc. 32, Ex. E). Plaintiff's Counsel documented 32.05 total attorney hours in representing Plaintiff before this Court. *Id.*, Ex. C. Awarding counsel the requested $22,102.75 would result in an average hourly fee of $689.63 for attorney work performed before this Court. The Court notes that this fee is high in light of Counsel's statement to the Court that $190.00 per hour and $192.00 per hour were the reasonable fees for hourly EAJA fee work he performed in years 2015 and 2016,

4

respectively. *Id.*, Ex. C. The § 406(b) fee award that is being requested is more than three times more than the reasonable hourly EAJA fee for work performed by Plaintiff's Counsel in 2015 and 2016.

However, considering Plaintiff's Counsel's experience and reputation in Social Security representation, and the fact that this fee award is within the range of other fee awards authorized in this District under § 406(b), the Court finds that the fee requested is reasonable. *See, e.g.*, *Salazar v. Berryhill*, 14-283 KRS (Doc. 30) (awarding $19,442.25 for 27.42 hours, or $709.05 per hour); *Bigsby v. Colvin*, Civ. 12-1207 CG (Doc. 31) (awarding $21,839.00 for 37.33 hours, or $585.03 per hour); *Gallegos v. Colvin*, Civ. 12-321 SMV (Doc. 32) (awarding $10,000.00 for 16.2 hours, or $617.28 per hour); *Montes v. Barnhart*, Civ. 01-578 BB/KBM (Docs. 19, 22) (awarding $10,000 for 14.25 hours, or $701.75 per hour). In addition, Plaintiff's Counsel was able to secure $112,411.00 in past-due benefits and requests less than twenty-five percent of that amount. While the fee itself may be high, "when that fee is considered in conjunction with a Social Security lawyer's risk of loss, an amount that would seem untenable in an hourly area suddenly becomes more palatable." *Valdez v. Barnhart*, Civ. 00-1777 MV/LCS (Doc. 27, at 4).The Court again notes that Defendant does not take a position for or against this Motion, and it is the duty of the Court to determine whether the fees are reasonable. (Doc. 33).

### III.  Conclusion

**IT IS THEREFORE ORDERED** that Plaintiff's *Motion for Order Authorizing Attorney Fees Pursuant to 42 U.S.C. § 406(b) and Supporting Memorandum*, (Doc. 32),

be **GRANTED**. Plaintiff's Counsel is awarded $22,102.75 for legal services rendered before this Court.

**IT IS FURTHER ORDERED** that Plaintiff's Counsel shall refund to Plaintiff the $5,941.80 awarded under EAJA.

_____
THE HONORABLE CARMEN E. GARZA
CHIEF UNITED STATES MAGISTRATE JUDGE